73 F.3d 363
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Archie VAN HARRIS, Plaintiff-Appellant,
v.
Jerry HOFBAUER; Dan Bolden, Defendants-Appellees.
 No. 95-1346.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1995.
 
 Before: BROWN, SILER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Archie Van Harris, a pro se Michigan prisoner, appeals a district court summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and monetary relief, Harris sued the Deputy Director of the Bureau of Correctional Facilities, and the former Deputy Warden at the State Prison of Southern Michigan (SPSM), alleging that the defendants violated his Eighth and Fourteenth Amendment rights. Specifically, Harris alleged that his transfer from SPSM to Alger Maximum Correctional Facility without a hearing deprived him of liberty without due process of law. Harris also alleged that he was denied medical treatment for a knee problem.
 
 
 3
 Upon review of the defendants' motion for summary judgment, a magistrate judge filed a report recommending that the district court grant summary judgment in favor of the defendants. Despite Harris's timely objections, the district court adopted the report and recommendation and dismissed the action. Judgment for the defendants was entered March 1, 1995. Harris has filed a timely appeal.
 
 
 4
 Initially, we note that Harris raises only his Eighth Amendment claim on appeal. Therefore, Harris's due process claim is considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see City Mgmt Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Even if all of Harris's allegations are accepted as true, the record, at most, might support a jury finding of negligence on defendant Bolden's part in the delay in approving the medical transfer. Mere negligence, however, is insufficient to implicate Eighth Amendment concerns. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir.1993). Given the fact that Harris did not have an emergency problem until the April 2, 1993, bleeding incident, that he was receiving pain medication, and that Dr. Kenyon delayed the knee surgery an additional 58 days until the bleeding caused Dr. Kenyon to proceed, there is insufficient evidence from which a jury could conclude that defendant Bolden was deliberately indifferent to Harris's serious medical needs. Farmer v. Brennan, 114 S.Ct. 1970, 1978-79 (1994); Estelle, 429 U.S. at 104-05.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.